**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 96-4156

YOLANDO ERNESTO BOYD,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-86)

Submitted: February 13, 1997

Decided: February 28, 1997

Before WIDENER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian L. Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

After a jury trial, Yolando Ernesto Boyd was convicted of violating 18 U.S.C. § 2119 (1994) (carjacking) and 18 U.S.C. § 924(c)(1) (1994) (use of a firearm in relation to a crime of violence). Boyd appeals, asserting that the district court erred in (1) instructing the jury on the interstate commerce element contained in§ 2119 and (2) making reference to the parties' stipulation on the interstate commerce element. Finding no error, we affirm.

The court instructed the jury as follows:

> [t]ransported, shipped and received through interstate commerce means any item shipped from any place outside the state. The Government has the burden of proving that the person received the motor vehicle through interstate commerce by proving beyond a reasonable doubt that the motor vehicle identified in this case was brought across state boundaries. You will recall the stipulation in that matter.

The parties had stipulated that "the 1992 Toyota Camry, which was the subject of the carjacking . . ., is a motor vehicle that has previously been transported, shipped or received in interstate or foreign commerce."

Boyd first contends that the court failed to instruct the jury that, in crossing state lines, the motor vehicle must have substantially affected interstate commerce under United States v. Lopez, ___ U.S. ___, 63 U.S.L.W. 4343 (U.S. Apr. 26, 1995) (No. 93-1260). However, Lopez is wholly inapplicable to this case. In Lopez , the Supreme Court invalidated a provision of the Gun-Free School Zones Act of 1990, which penalized possession of a handgun in a school zone. According to the Supreme Court, that statute contained "no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 4347.

Unlike the statute at issue in Lopez, there is a jurisdictional element in § 2119. Section 2119 requires that the motor vehicle in question

2

have an explicit connection with or effect on interstate commerce. United States v. Bishop, 66 F.3d 569, 587 (3d Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3416 (U.S. Dec. 11, 1995) (No. 95-6678). Moreover, Lopez neither addressed the amount of evidence required to prove the jurisdictional element of a offense nor required the government in each case to prove that the violation conduct itself had a substantial effect upon interstate commerce. United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir. 1995) (where the statute bears a substantial relation to commerce, the de minimis relation of the individual violation to interstate commerce is of no consequence). We therefore find that the district court did not abuse its discretion in instructing the jury regarding the interstate commerce element.

Boyd next contends that the district court erred by directing the jury's attention to the stipulation. However, the court's statement was clearly proper, especially in light of the fact that the court repeatedly informed the jury that the government must prove each element of the crime beyond a reasonable doubt. See United States v. Muse, 83 F.3d 672, 680-81 (4th Cir. 1996) (stipulation instruction must balance the powerful, evidentiary force of the stipulation against precatory language informing the jury that it is not bound by the stipulation), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3264 (U.S. Oct. 7, 1996) (No. 96-5589). Therefore, we find that the court's instruction to the jury was not erroneous.

For the foregoing reasons, Boyd's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3